IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EEOC,                                          *

     Plaintiff,                             *

v.                                             *          Civil Action No.: RDB 06-2520

BOUZIANIS, INC.                                *
d/b/a Double T Diner,
                                               *
     Defendant.
\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

## MEMORANDUM OPINION

Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") initiated

this employment action against Bouzianis, Inc. d/b/a Double T Diner ("Bouzianis, Inc." or

"Defendant") alleging that the Diner's manager and owner, Stylianos Bouzianis ("Bouzianis"),

subjected his employee, Kelly L. Martin ("Martin") to sexual harassment and a sexually hostile

working environment that caused her to be constructively discharged from her employment on

the basis of her sex.  Currently pending before this Court is Defendant's Motion to Dismiss

pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  (Paper No. 5.)

The parties' submissions have been reviewed and this Court heard oral arguments on this motion

on July 24, 2007.[1]  For the reasons that follow, the Court will, by separate Order, DENY

Defendant's Motion to Dismiss.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In August 2005, Kelly L. Martin ("Martin") filed a Charge of Discrimination (the

---

[1] In addition, this Court has reviewed the letter dated July 25, 2007 that was submitted by
counsel for Defendant.  (*See* Paper No. 19.)

"Charge") with the Maryland Commission on Human Rights ("MCHR") and EEOC against Double T Diner.[2] (Pl.'s Mem. Opp'n Ex. A. ("the Charge").)  She alleged that while she was employed as a waitress at Double T Diner, her manager, Bouzianis inappropriately touched the female employees and sexually assaulted her on October 17, 2004.  (*Id.*)  Martin further contended that she filed criminal charges against Bouzianis for which he was found guilty in February 2005.[3]  (*Id.*)  As a result of being subjected to this behavior, Martin alleged that she was constructively discharged from her position.  (*Id.*)  The Charge named "Double T Diner" as the Employer, and identified 5617 Spectrum Drive, Frederick, Maryland as the address of the restaurant where Martin worked.  (*Id.*)  The Charge's heading listed both MCHR and EEOC as agencies to which the complaint was made and was signed by Martin on August 9, 2005.  (*Id.*) There is also a date stamp illustrating that MCHR received the Charge that same day.  (*Id.*)  On August 23, 2005, MCHR issued a letter to Martin informing her that her claim was untimely filed with the state agency pursuant to Article 49B.[4]  MCHR also indicated that since Martin was "within the time frame" to file her complaint with the EEOC, MCHR would forward it to the agency.[5]  (*Id.*)

On or about September 9, 2005, comporting with the records of the Maryland State

---

[2] As will be discussed later, the parties dispute the exact date of filing.

[3] Counsel for Defendant represented to this Court at the hearing on July 24, 2007 that Bouzianis was given probation before judgment in the state court proceeding.

[4] Plaintiff submitted this letter to the Court during the hearing on July 24, 2007.

[5] As explained in further detail below, the time period for filing a claim of discrimination with the MCHR (the Maryland state agency) is *six months* or approximately 180 days from the alleged discriminatory event while the time for filing the same claim with the EEOC (the federal agency) in a deferral state such as Maryland is *300 days* or approximately ten months.  *See* MD ANN. CODE art. 49B, § 9A; 42 U.S.C. § 2000e-5(e)(1).

Department of Assessments and Taxation, EEOC served a Notice of the Charge of

Discrimination ("Notice of Charge") to Ioannis Korologos ("Korologos") as resident agent for

Double T Diner at 6300 Baltimore National Pike, Baltimore, Maryland.  (Pl.'s Mem. Opp'n Mot.

Dismiss 2 & Ex. B.)  On September 26, 2005, EEOC received a letter from Ronald W. Taylor

("Taylor"), counsel for Double T Diner, arguing that EEOC did not file the Charge in a timely

manner.  (Pl.'s Mem. Opp'n Mot. Dismiss 2.)  Essentially, the position of Defendant is that

Martin filed her claim ten days late.  This position is based upon MCHR waiting 14 days before

advising Martin of the six-month State limitations period.  On December 21, 2005, Taylor sent

Plaintiff a second letter notifying it that: (1) Bouzianis, Inc. was Martin's employer at the time of

the alleged incident, not Koros, LLC, and (2) the Charge was untimely because the event

occurred more than 300 days prior to the filing of Martin's complaint.  (Def.'s Mem. Supp. Mot.

Dismiss Ex. 2.)  On May 11, 2006, EEOC forwarded an exact copy of the Charge against Koros

to Bouzianis.  (Def.'s Mem. Supp. Mot. Dismiss 3.)  On or about June 9, 2006, Taylor issued a

letter responding to EEOC's Charge, this time on behalf of Bouzianis, Inc., that the claims

should be dismissed because: (1) they were time-barred since the Charge was filed more than

300 days after the alleged discriminatory incident on October 17, 2004, and (2) they were legally

insufficient to state an actionable claim of discrimination.[6]  (Def.'s Mem. Supp. Mot. Dismiss

Ex. 4.)  Nonetheless, EEOC proceeded with its investigation, with which Bouzianis voluntarily

cooperated.  (Pl.'s Mem. Opp'n Mot. Dismiss 8.)

The investigation revealed the relationship between Korologos and Bouzianis.

---

[6] This argument is not contained within Defendant's papers in support of its Motion to Dismiss.  Therefore, this Court will not address this argument at this time.

Korologos and Bouzianis have a 25% and 15% ownership interest, respectively, in the trade name "Double T Diner," which Bouzianis, Inc. used in connection with its operation of the restaurant in Frederick, Maryland. (Def.'s Mem. Supp. Mot. Dismiss Ex. 2; Pl.'s Mem. Opp'n Mot. Dismiss Ex. C.) There are only three additional owners. (Pl.'s Mem. Opp'n Mot. Dismiss Ex. C.) Additionally, the records of the Maryland State Department of Assessments and Taxation reveal that Koros, LLC is the primary owner of Double-T Diner II, located at 6300 Baltimore National Pike, Baltimore, Maryland and that Korologos's principal office is located there. (Pl.'s Mem. Opp'n Mot. Dismiss Ex. B.) The records also indicate that that address is Bouzianis Inc.'s principal place of business as well as the location of Bouzianis, its resident agent. (Pl.'s Mem. Opp'n Mot. Dismiss Ex. E.)

In addition to participating in the investigation, Bouzianis also engaged in the conciliation process with the EEOC. (Pl.'s Mem. Opp'n Mot. Dismiss Ex. F.) On September 26, 2006, after conciliation proved to be unsuccessful, EEOC filed a Complaint against Bouzianis, Inc. d/b/a Double T Diner in this Court on Martin's behalf. EEOC seeks relief for Martin under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. Plaintiff contends that Bouzianis subjected Martin to sexual harassment and a sexually hostile working environment, including "physical touching, lewd and sexually suggestive advances, comments and actions by [her] supervisor" on the basis of her sex. (Compl. ¶ 7.) Plaintiff also asserts that this treatment caused Martin to be constructively discharged from her employment. (*Id.*) On January 22, 2007, Bouzianis, Inc. filed the subject Motion to Dismiss for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction. (Paper No. 5.)

## STANDARD OF REVIEW

**I.     Motion to Dismiss for Untimeliness of Filing**

Defendant seeks to dismiss Plaintiff's action under Rule 12(b)(6) of the Federal Rules of

Civil Procedure for failure to state a claim upon which relief can be granted.  As the legal

sufficiency of the Complaint is challenged under a Rule 12(b)(6) motion, the Court assumes "the

truth of all facts alleged in the complaint and the existence of any fact that can be proved,

consistent with the complaint's allegations." *Eastern Shore Mkts. v. J.D. Assocs. Ltd. P'ship*,

213 F.3d 175, 180 (4th Cir. 2000) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

A Rule 12(b)(6) motion to dismiss "should only be granted if, after accepting all well-pleaded

allegations in the plaintiff's complaint as true, it appears certain that the plaintiff cannot prove

any set of facts in support of his claim entitling him to relief." *Migdal v. Rowe Price-Fleming

Int'l Inc.,* 248 F.3d 321, 325 (4th Cir. 2001).  "The court need not . . . accept unsupported legal

conclusions, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal

conclusions couched as factual allegations, *Papason v. Allain*, 478 U.S. 265, 286, 106 S. Ct.

2932, 92 L. Ed. 2d 209 (1986), or conclusory factual allegations devoid of any reference to

actual events, *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979)."

*Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 329 F. Supp. 2d 574, 578 (D. Md. 2004).  In

addition, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or

arguments."  *Eastern Shore Mkts., Inc.,* 213 F.3d at 180.

**II.     Motion to Dismiss for Failing to Satisfy Title VII's Naming Requirement**

Defendant seeks to dismiss Plaintiff's action under Rule 12(b)(1) of the Federal Rules of

Civil Procedure for lack of subject matter jurisdiction.  A party may move to dismiss for lack of

subject matter jurisdiction in two ways: it can attack a complaint for failure "to allege facts upon which subject matter jurisdiction can be based," or it may contend "that the jurisdiction allegations of the complaint were not true." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). When a motion attacks the complaint on its face, the court accepts the facts alleged in the complaint as true, and "the plaintiff, in effect, is afforded the same procedural protection as he would receive under Rule 12(b)(6) consideration." *Id.* When a motion challenges the underlying allegations of the complaint, however, a court may look beyond the allegations of the complaint to determine if there are sufficient facts to support the jurisdiction allegations. *Id.* In this type of 12(b)(1) review, "[u]nlike the procedure in a 12(b)(6) motion where there is a presumption reserving the truth finding role to the ultimate factfinder, the court in a 12(b)(1) hearing weighs the evidence to determine its jurisdiction." *Id.* The plaintiff has the burden to prove that subject matter jurisdiction exists and the court accepts the plaintiff's allegations as true and construes them in the light most favorable to the plaintiffs. *Miller v. Pac. Shore Funding*, 224 F. Supp. 2d 977, 995 (D. Md. 2000); *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *see Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). A District Court will only grant a 12(b)(1) motion "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Moffet v. Computer Sciences Corp.*, 457 F. Supp. 2d 571, 578 (D. Md. 2006) (quoting *Richmond*, 945 F.2d at 768).

## ANALYSIS

Defendant moves to dismiss Plaintiff's Complaint on two grounds: (1) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Martin failed to exhaust her administrative

remedies against Defendant since she did not file a timely charge with the EEOC; and (2) under

Rule 12(b)(1), this Court lacks subject matter jurisdiction in that the Charge fails to satisfy Title

VII's naming requirement.  Plaintiff responds that the Charge was timely filed with the EEOC on

August 9, 2005, less than 300 days after the alleged incident.  Furthermore, Plaintiff contends

that since the purpose of the naming requirement was substantially met, failure to name

Bouzianis in the EEOC's Notice of Charge does not bar the instant suit.

## I.      Timeliness of the Filings

To assert a Title VII claim in federal court, plaintiffs must first exhaust their

administrative remedies by filing a timely charge with the EEOC.  *Chacko v. Patuxent Inst.*, 429

F.3d 505, 508 (4th Cir. 2005); *see, e.g., Stebbins v. Nationwide Mut. Ins. Co.*, 382 F.2d 267, 268

(4th Cir. 1967); *Mickel v. S.C. State Employment Serv.*, 377 F.2d 239, 242 (4th Cir. 1967).  In

order for the charge to qualify as "timely," a plaintiff must file the charges within 180 days or

300 days of the alleged discriminatory incident, depending on whether the incident occurred in a

"deferral state."  42 U.S.C. § 2000e-5(e)(1); *see Tinsley v. First Union Nat'l Bank*, 155 F.3d 435,

439 (4th Cir. 1998).  A "deferral state," such as Maryland, is one with "a State or local agency

with authority to grant or seek relief from such practice or to institute criminal proceedings with

respect thereto upon receiving notice thereof."  42 U.S.C. § 2000e-5(e)(1); *see Tinsley*, 155 F.3d

at 439; *EEOC v. R & R Ventures*, 244 F.3d 334, 338 n.* (4th Cir. 2001).  When a charge is filed

with a state agency in a deferral state, the complainant cannot file with EEOC until either 60

days have elapsed from the initial filing date with the state *or the state terminates its*

*proceedings*.  42 U.S.C. § 2000e-5(c) (emphasis added).  This means that if the charge is filed

with the state agency after 240 days have passed since the underlying incident, the state must

terminate its proceedings prior to the expiration of the 300-day period for the filing with the EEOC to be timely. *Mohasco Corp. v. Silver*, 447 U.S. 807, 815 n.16 (1980). This is meant to "give States and localities an opportunity to combat discrimination free from premature federal intervention." *EEOC v. Commercial Office Products Co.*, 486 U.S. 107, 110 (1988).

The filing period is not meant to be a jurisdictional prerequisite to filing a suit under Title VII. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 121 (2002) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982)). To the contrary, "it is a requirement [like a statute of limitations] subject to waiver, estoppel, and equitable tolling 'when equity so requires.'" *Id.* (quoting *Zipes*, 455 U.S. at 398). This allows courts "to honor Title VII's remedial purpose 'without negating the particular purpose of the filing requirement, to give prompt notice to the employer.'" *Id.*

Defendant argues that Martin's charge was untimely in two ways: (1) she did not file the original charge with MCHR until August 23, 2005, 310 days after the alleged incident on October 17, 2004, and (2) she did not attempt to serve Bouzianis until 571 days after the alleged incident.[7] In sum, Defendant contends that the date of filing is the date that MCHR certified the

---

[7] Defendant further argues that even if Martin submitted the Charge to MCHR within the 300-day filing period, it was not timely filed with the EEOC. Plaintiff responds that, pursuant to the Worksharing Agreement between MCHR and EEOC, the Charge was contemporaneously filed with the EEOC when Martin submitted it to MCHR. (*See* Pl.'s Mem. Opp'n Mot. Dismiss. Ex. J.) While Defendant contends that there is no legislative history to indicate that these agreements are self-executing waivers of the state's exclusive jurisdiction, this Court finds no such history to indicate the contrary. In addition, this Court notes that in a recent unpublished opinion in *Coleman v. Talbot County Det. Ctr.*, No. 06-2024, 2007 WL 2022056, at *1 (4th Cir. July 12, 2007), the Fourth Circuit reversed a dismissal of a Title VII complaint and found that the plaintiff was entitled to equitable tolling of the limitations period. In that decision, the Fourth Circuit referred to the Worksharing Agreement between EEOC and MCHR in *dicta* and did not address the contention raised by Defendant in this case. Therefore, pursuant to the Worksharing Agreement between MCHR and EEOC, this Court finds Martin's filing with the

Charge.  Defendant makes this assertion even though Martin was *not* within the state's six-month filing period.  In addition, this Court notes that MCHR could have denied the Charge immediately, but instead waited 14 days.  In response, Plaintiff argues that the date of filing should be August 9, 2005, the date Martin signed and submitted the charge to MCHR.  Therefore, Plaintiff concludes that the Charge was filed within the 300-day filing period.

As noted above, Martin signed and submitted the Charge to MCHR on August 9, 2005, 296 days after the alleged discriminatory incident on October 17, 2004.  While the date stamp on the Charge demonstrates that MCHR received it that same day, the agency did not sign the Charge until August 23, 2005.  This, however, does not mean that Martin untimely filed the Charge.  She took the appropriate measures to file the Charge before the expiration of the 300-day period.  She completed the Charge, signed it on the 296th day and addressed it to both EEOC and MCHR.  She also submitted it to the state agency that very day.  Therefore, this Court finds that August 9, 2005 qualifies as the date of filing and was within the 300-day filing period.

In the alternative, even if the date MCHR signed and forwarded the Charge to EEOC were to constitute the date of filing, this Court tolls the 300-day filing period from the moment Martin filed her charge to the date it was processed pursuant to this Court's authority as noted in the recent unpublished opinion by the Fourth Circuit in *Coleman v. Talbot County Det. Ctr.*, No. 06-2024, 2007 WL 2022056 (4th Cir. July 12, 2007).[8]  Equitable tolling is "reserved for those

---

MCHR sufficient to constitute a contemporaneous filing with the EEOC.

[8] In its supplemental submission to this Court (Paper No. 19.), the Defendant notes this opinion and in response suggests that "this is not a case where equitable tolling applies."  In that letter, counsel for the Defendant cites the Supreme Court's opinion in *Mohasco Corp v. Silver*,

rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotations omitted). "[E]quitable tolling must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Gayle v. UPS*, 401 F.3d 222, 226 (4th Cir. 2005) (internal quotations omitted). In order to warrant equitable tolling, Plaintiff must "present (1) extraordinary circumstances, (2) beyond [her] control or external to [her] own conduct, (3) that prevented [her] from filing on time." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (internal quotations omitted).

Martin submitted the Charge on August 9, 2005, within the time period, but MCHR took 14 days to examine it. The submission of the claim was so clearly outside the 180-day time period for the filing of the state complaint that the state agency could have summarily denied the claim immediately.[9] The state agency's delay in processing is certainly an "extraordinary circumstance" that was "beyond Martin's control" and then prevented her from timely filing the Charge with the EEOC. It would be unconscionable to enforce the Title VII filing period against a complainant who was diligent in submitting her Charge within the time limit but, through no fault of hers, was subject to the delay of a state agency. Therefore, alternatively, even if the operative date of filing was treated as August 23, 2005 and not August 9, 2005, this Court finds

447 U.S. 807 (1980) in support of the Defendant's position. In that case, the New York State Division of Human Rights reviewed the complaint and in due course determined that there was no merit to the charge. *Id.* at 810. That case did not involve a situation in which the state agency denied the claim purely on the basis of the date of filing.

[9] At the hearing on July 24, 2007, counsel for the Defendant acknowledged that the state agency could have denied the claim immediately.

it appropriate to toll Title VII's 300-day filing period so that a filing on August 23, 2005, 310

days after the alleged discriminatory event, would be timely.

Defendant further contends that this Court should dismiss the Complaint since the EEOC

did not serve Bouzianis, Inc. until 571 days after the alleged discriminatory incident and

therefore did not provide him fair notice of the Charge.  This Court finds, however, that the

record clearly shows that Defendant had fair notice of the charge even if he was not formally

served until May of 2006.  The Charge, which was attached to the Notice of Charge sent to

Koros, LLC, specifically identified Bouzianis as Martin's manager and alleged that he sexually

assaulted her. (*See* Def.'s Mem. Supp. Mot. Dismiss Ex. 1.)  It also listed the correct address of

the Double T Diner in which Bouzianis, Inc. employed Martin.  While the Notice of Charge

named Koros, LLC as the defendant and was sent to Korologos at 6300 Baltimore National Pike,

Baltimore, Maryland, the Maryland State Department of Assessments and Taxation lists

Bouzianis's principal office at *this exact same address* and describes him as its resident agent.

Furthermore, Bouzianis and Korologos both shared ownership interest of the trade name Double

T Diner and were *two of only five owners* of the company's common stock.  Furthermore,

Defendant's current counsel has been actively involved in this case since the time the original

charge was filed against Koros, LLC in September 2005.  As counsel for the Defendant

acknowledged at the motions hearing, this is not a routine case; rather, it is highly unique in that

Bouzianis was not only facing tort allegations in the Circuit Court for Frederick County,

Maryland, but also faced criminal charges of sexual assault for the acts he allegedly committed

against Martin.  This Court concludes that Bouzianis and Bouzianis, Inc. had actual notice of the

Charge set forth in this case.  As such, Defendant's Motion to Dismiss with respect to the

11

timeliness of the filing is DENIED.

## II.    Naming Requirement of Title VII

Defendant also argues that the Complaint should be dismissed pursuant to Rule 12(b)(1)

of the Federal Rules of Civil Procedure because Martin had counsel when she filed the original

Charge and still did not name Bouzianis, Inc. in the original charge.[10]  Plaintiff responds that,

while Bouzianis, Inc. was not formally named in the original EEOC charge, the purposes of Title

VII's naming requirement were substantially met and therefore the Complaint should not be

dismissed.

Title VII's "naming requirement" provides:

> If within thirty days after a charge is filed with the Commission or
> within thirty days after expiration of any period of reference under
> subsection (c) or (d) of this section, the Commission has been unable
> to secure from the respondent a conciliation agreement acceptable to
> the Commission, the Commission may bring a civil action against
> any respondent not a government, governmental agency, or political
> subdivision *named in the charge*.

42 U.S.C. § 2000e-5(f)(1) (emphasis added).  This Court has previously held that a plaintiff's

failure to name a defendant in an EEOC charge does not bar the subsequent suit if "the purposes

of the naming requirement were substantially met," that is if (1) defendants received fair notice,

and (2) the EEOC was able to attempt conciliation.  *Vanguard Justice Soc. Inc. v. Hughes*, 471 F.

---

[10] Defendant also contends that the charge filed on May 11, 2006 against Bouzianis does not relate back to the charge against Koros, LLC.  29 C.F.R. § 1601.12(b) provides that "[a] charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received."  Since an exact copy of the Charge in this case was sent to Bouzianis, it was never amended to "cure technical defects or omissions."  Therefore, this Court determines Defendant's argument to be irrelevant and need not be addressed.

Supp. 670, 687 (D. Md. 1979) (internal citations omitted); *see also Causey v. Balog*, 162 F.3d

795, 800 (4th Cir. 1998) (citing *Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll.,* 848 F.2d

457, 460 (4th Cir. 1988)).  Additionally, this Court has previously applied a four-part test in

determining whether a civil action can be brought against a defendant not named in the EEOC

Charge:

> 1) whether the role of the unnamed party could through reasonable
> effort by the complainant be ascertained at the time of the filing of
> the EEOC complaint;
> 2) whether, under the circumstances, the interests of a named [party]
> are so similar as the unnamed party's that for the purpose of obtaining
> voluntary conciliation and compliance it would be unnecessary to
> include the unnamed party in the EEOC proceedings;
> 3) whether its absence from the EEOC proceedings resulted in actual
> prejudice to the interests of the unnamed party;
> 4) whether the unnamed party had in some way represented to the
> complainant that its relationship with the complainant is to be
> through the named party.

*McAdoo v. Toll*, 591 F. Supp. 1399, 1403 (D. Md. 1984) (citing *Vanguard Justice Soc. Inc.*, 471

F. Supp. at 688).  Of these four factors, the second and third are the most important as they are

most reflective of the two-fold purpose of the naming requirement.  *Crosten v. Kamauf*, 932 F.

Supp. 676, 682 (D. Md. 1996) (internal citation omitted).

       With regards to the fourth prong, it is reasonable for Martin to have believed that she

should list the name of her employer as "Double T Diner" on the Charge, since she worked at a

restaurant with that name.  *See Thomas v. Bet Sound-Stage Restaurant/BrettCo, Inc.*, 61 F.

Supp.2d 448, 458 (D. Md. 1999) (finding it reasonable for plaintiff to believe she was employed

by BET Sound-Stage Restaurant since all of the materials she received while employed there had

the logo on it, although it was not the appropriate legal party to sue); *Alvarado*, 848 F.2d at 460

(4th Cir. 1988) (finding it reasonable for plaintiff to name the company where he thought he

worked, although it was not the legally appropriate entity to "sue or be sued").

As to the second prong, the record reflects that Bouzianis voluntarily engaged in conciliation with the EEOC.  This fact coupled with this Court's finding that Defendant had fair notice of the Charge satisfies the second and third prongs of the four-part test.  *See Thomas*, 61 F. Supp. 2d at 458 (finding no prejudice since defendant had constructive notice of the charge); *Adamczyk v. Chief, Baltimore County Police Dep't.*, 952 F. Supp. 259, 263 n.10 (D. Md. 1997) (finding that American Disabilities Act's naming requirement was met when unnamed defendants received notice of the violation and participated in the EEOC proceedings).  Even more importantly, this means that the purposes of the naming requirement were substantially met.  As such, Defendant's Motion to Dismiss for lack of subject matter jurisdiction is DENIED.

## <u>CONCLUSION</u>

For the reasons stated above, Defendant's Motion to Dismiss is DENIED.  A separate Order follows.


Dated: August 2, 2007                                          /s/_____
                                                                Richard D. Bennett
                                                                United States District Judge